Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7280

KENNETH A. HALL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth A. Hall, of Selma, Alabama, pro se.

Robert C. Bigler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

# United States Court of Appeals for the Federal Circuit

2007-7280

KENNETH A. HALL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 5, 2007
_____

Before LINN, DYK, and MOORE, Circuit Judges.

PER CURIAM.

Kenneth A. Hall ("Hall") appeals from a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court").  Hall v. Nicholson, No. 06-802 (Vet. App. May 17, 2007).  In that decision, the Veterans Court affirmed a decision by the Board of Veterans' Appeals ("Board") that determined that his discharge from military service would be treated as having been under dishonorable conditions, thereby barring his claim for veteran's pension benefits.  Because we lack subject-matter jurisdiction to consider the issue that Hall asks us to review, we dismiss Hall's appeal.

In Hall's informal brief, he concedes that the decision of the Veterans Court did not involve the validity or interpretation of any statute or regulation, nor did it involve any constitutional issue.  Informal Br. for Pet'r ¶¶ 2, 3.  Rather, Hall challenges the decision by the Veterans Court to affirm the Board's determination that his discharge from the

military was under other-than-honorable conditions and was based upon an offense involving moral turpitude, thereby warranting treatment as a dishonorable discharge under 38 C.F.R. § 3.12(d)(3). He asks us to "upgrade [his discharge] to at least 'general,'" i.e., "to where [he]'ll be eligible for VA benefits." Informal Br. for Pet'r ¶ 6.

As the Veterans Court observed, the Board's decision involved a factual finding. Under the statute that grants us limited jurisdiction over appeals from the Veterans Court, we "may not review (A) a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Accordingly, we have no power to consider the issue Hall raises or to grant the relief he seeks, and his appeal must be dismissed.

COSTS

No costs.